**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| STANISLAUS FARM SUPPLY,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK BRADY,<br><br>        Defendant.<br>_____<br>MARK BRADY,<br><br>    Counter-Claimant<br><br>    v.<br><br>STANISLAUS FARM SUPPLY,<br><br>    Counter-Defendant. | 09-CV-01413-OWW-DLB<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL |
|---|---|

## I.   INTRODUCTION

Plaintiff Stanislaus Farm Supply ("SFS") removed this case to federal court.  On August 19, 2009, SFS filed a motion to dismiss a counterclaim asserted by Defendant Mark Brady ("Brady") and a motion to strike the "extra-contractual damages and punitive damages" Brady seeks in his Counter-Complaint.  Because of an apparent jurisdictional defect, the merits of SFS's motion cannot be considered at this time.

## II.   BRIEF PROCEDURAL BACKGROUND

**A.   The Pleadings**

SFS filed a lawsuit against Brady in Stanislaus County Superior Court. (Doc. 2-1, Ex. B.)  In the state-court complaint, SFS alleges that it entered into a contract with Brady pursuant to which SFS agreed to purchase 1,076 pounds of alfalfa seed from

1

Brady. (*Id.* at 2.)  SFS paid Brady for the alfalfa seed. (*Id.*)  The alfalfa seed was supposed to be shipped by Brady to J.G. Boswell Company and stored for SFS's benefit. (*Id.*)  Brady, however, allegedly removed the alfalfa seed from the J.G. Boswell facility and has refused to deliver the alfalfa seed. (*Id.* at 2-3.)  SFS's state-court complaint asserts three causes of action against Brady for breach of contract, "common counts for money paid," and conversion. (*Id.*)  In response to the state-court complaint, Brady, representing himself, filed a "Counter-Complaint," asserting three state law counterclaims against SFS. (Doc. 2-2, Ex. F.)

    Brady's first counterclaim for breach of contract relates to an alleged agreement between Brady and SFS to produce alfalfa varieties, which SFS purportedly breached. (*Id.* at 5.)  The remaining counterclaims arise out of Brady's employment relationship with SFS.

    Brady alleges that he was employed by SFS from August 2003 to December 31, 2007. (*Id.* at 1.)  Brady's second counterclaim asserts a state law claim for "breach of contract, fraud" and relates to SFS's 401K plan. (*Id.* at 7.)  Brady alleges that SFS failed "to fund the 60% vesting" in SFS's "401K" plan. (*Id.*) When Brady approached SFS about the issue, SFS "willfully, maliciously, and fraudulently revised the [401K] plan" to his detriment. (*Id.*)  SFS also allegedly supplied Brady with a revised 401K plan in an effort to defraud him. (*Id.*)  The third counterclaim, entitled "common counts," asserts a claim based on SFS's failure to pay Brady a bonus payment he allegedly earned as an employee. (*Id.*)

B.   <u>Removal By SFS</u>

    SFS, the plaintiff, removed the entire case to federal court

2

based on Brady's second counterclaim relating to SFS's 401K plan. (Doc. 1 at 3.)  In its notice of removal, SFS contends that its 401K plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (*Id.*) According to SFS, Brady's second counterclaim for "breach of contract, fraud" alleges that SFS "failed to properly credit" Brady with "vested funds" under its 401K plan and this claim is preempted by ERISA. (*Id.*)  SFS contends that ERISA preemption gives rise to original jurisdiction, under 28 U.S.C. § 1331, over the second counterclaim. To the extent any of Brady's counterclaims are not preempted by ERISA, SFS posits that supplemental jurisdiction under 28 U.S.C. § 1367(a), and jurisdiction over any other separate and independent claims under 28 U.S.C. § 1441(c), exists.

### III.   JURISDICTION

A "district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  In conducting this *sua sponte* review, a jurisdictional defect has appeared.

A *counterclaim* cannot supply the basis for § 1331 "arising under" jurisdiction and support removal to federal court. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 & n.2 (2002).  This remains true even if the counterclaim is completely preempted by federal law. *Vaden v. Discover Bank*, ___ U.S.___, 129 S. Ct. 1262, 1273, 1276 (2009).  As recently explained by the Supreme Court:

> Nor can federal jurisdiction rest upon an actual or

> anticipated counterclaim. We so ruled, emphatically, in *Holmes Group*, 535 U.S. 826. Without dissent, the Court held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction. Adhering assiduously to the well-pleaded complaint rule, the Court observed, *inter alia*, that it would undermine the clarity and simplicity of that rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case 'arises under' federal law. *Id.*, at 832. See also *id.*, at 830 ('[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction.'); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, and n.9 (1983) ('The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.').
>
> A *complaint* purporting to rest on state law, we have recognized, can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal. See *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under this so-called 'complete preemption doctrine,' a plaintiff's 'state cause of action [may be recast] as a federal claim for relief, making [its] removal [by the defendant] proper on the basis of federal question jurisdiction.' 14B Wright & Miller § 3722.1, p. 511. *A state-law-based counterclaim, however, even if similarly susceptible to recharacterization, would remain nonremovable*. Under our precedent construing § 1331, as just explained, *counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance*.
>
> . . . .
>
> In holding that Discover properly invoked federal-court jurisdiction, the Fourth Circuit looked beyond Discover's complaint and homed in on Vaden's state-law-based defense and counterclaims. Those responsive pleadings, Discover alleged, and the Fourth Circuit determined, were completely preempted by the FDIA. The Fourth Circuit, however, misapprehended our decision in *Holmes Group*. *Under the well-pleaded complaint rule, a completely preempted counterclaim remains a counterclaim and thus does not provide a key capable of opening a federal court's door*.

*Vaden*, 129 S. Ct. at 1272-73, 1276 (second, third and fourth emphasis added) (alterations in original) (citation and footnotes

omitted).

Here, SFS, the plaintiff, has premised federal jurisdiction and the propriety of its removal solely on the basis of ERISA preemption of Brady's second counterclaim. Brady's second counterclaim, even if completely preempted by ERISA, does not provide a basis for "arising under" jurisdiction and does not justify removal. *See Vaden*, 129 S. Ct. at 1272-73, 1276 & n.17; *Holmes Group, Inc.*, 535 U.S. at 830-32 & n.2. Without any alleged or apparent basis for federal jurisdiction appearing on the face of SFS's state-court complaint, jurisdiction is lacking.

SFS, the plaintiff, has no standing to remove this case, as it has attempted to do, under § 1441. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941); *Bush v. Cheaptickets,* 425 F.3d 683, 686 (9th Cir. 2005) ("The removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court . . . ."); *Am. Int'l Underwriters, (Phil.), Inc.,* 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."). Even though Brady filed counterclaims against it, SFS is still a plaintiff and not a "defendant" who can remove under § 1441. *See Shamrock,* 313 U.S. at 104-08; *Progressive W. Ins. Co. v. Preciado,* 479 F.3d 1014, 1017-18 (9th Cir. 2007) ("[A] plaintiff/cross-defendant cannot remove an action to federal court."); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal

5

**court.").**

## IV.   CONCLUSION

**For the reasons stated, jurisdiction is lacking in this case. SFS, the removing party, is ORDERED TO SHOW CAUSE, in writing, by 5:00 p.m. on November 12, 2009, why this case should not be remanded to the state court for lack of jurisdiction. Any opposition is due November 19, 2009; any reply is due November 30, 2009. The hearing on SFS's motion to dismiss and motion to strike (Doc. 8), set for November 9, 2009, is VACATED.**

IT IS SO ORDERED.

**Dated:   November 5, 2009**                    **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE